UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 13-007(06)-DCR |
| V. | ) ) ) | |
| TYANNA BRANSTETTER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Tyanna Branstetter was one of several individuals charged with conspiring to distribute significant quantities of methamphetamine in the Eastern District of Kentucky. The charges against one defendant were dismissed. The sentences of the remaining defendants ranged from 39 to 240 months of incarceration. Defendant Branstetter received a sentence of 145 months based on her: (i) individual participation and involvement; (ii) guideline range; and (iii) relevant sentencing factors under 18 U.S.C. § 3553(a). Branstetter and three of her co-defendants were not satisfied with the sentences imposed by the Court. As a result, they filed direct appeals with the United States Court of Appeals for the Sixth Circuit.

On March 11, 2015, the Sixth Circuit affirmed this Court's sentencing determinations regarding the appealing defendants. [Record No. 337] With respect to Branstetter, the Sixth Circuit concluded that her sentence of 145 months was both procedurally and substantively reasonable. In relevant part, the Sixth Circuit noted that this Court "calculated the Guidelines range properly, considered the range in light of the § 3553(a) factors, took

Branstetter's arguments into consideration, and explained [the Court's] reasons for imposing the 145-month sentence." [*Id*., at p. 11]   Finally, the Sixth Circuit rejected the defendant's argument that the sentence imposed in October 2013 was substantively unreasonable based on later changes to the United States Sentencing Guidelines.  It noted, however, that Branstetter could seek relief based upon these changes under 18 U.S.C. § 3582(c)(2).  Branstetter has now accepted the appellate court's invitation to seek such relief with this Court.  [Record No. 349]

On November 19, 2015, Branstetter filed a *pro se* motion requesting a reduction of her sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1]  [*Id*.]  Through this motion, Branstetter notes that, under the recent changes in the United States Sentencing Guidelines, her guideline range of imprisonment would be reduced to 120 to 137 months of imprisonment.[2]  Branstetter also states in her motion that: (i) she cooperated with the government during the course of the case; (ii) her original sentence largely arose from the statutory mandatory minimum requirement and her

---

[1] Branstetter has also requested appointment of counsel in connection with the motion. However, there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2).  *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).  A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).  Instead, the district court has discretion to determine whether to appoint counsel.  Here, the record and information possessed by the Court from the original sentencing is sufficient to consider a 18 U.S.C. § 3582(c)(2) motion. Therefore, appointment of counsel would be unnecessary and a waste of resources.

[2] Branstetter acknowledges that she is subject to a mandatory-minimum term of imprisonment of 120 months.  Therefore, the otherwise applicable range of 110 to 137 months is modified to 120 to 137 months.

criminal history; (iii) most of her criminal history was influenced by drug addiction; and (iv) she has a "clean record" during her period of incarceration.  However, these assertion do not support a reduced sentence for the defendant

Branstetter is currently scheduled to be released from incarceration on August 13, 2023.  *See* http://www.bop.gov/inmateloc/ (last checked November 22, 2015).  And as Branstetter correctly notes in her motion, the United States Sentencing Commission has amended the range applicable to her guideline calculation and given the amendments retroactive effect.  *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014).  As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels.  With a re-calculated total offense level of 29, Branstetter's guideline range under the 2014 amendments would be 120 to 135 months (again, subject to the mandatory minimum term of 120 months required by statute).

However, the undersigned continues to believe that the sentence originally imposed is not greater than necessary to meet all statutory goals and objectives of 18 U.S.C. § 3553(a).  Many of the arguments raised by the defendant in support of her arguments for a reduced sentence have already been considered.  For example, the Court has already taken into account Branstetter's cooperation regarding co-defendants and other potential criminal matters in determining that a sentence of 145 months is the minimum sentence needed to provide adequate punishment and deterrence.  [*See* Record No. 282, pp. 6-7; Record No. 281, pp. 15.]

Likewise, the Court has previously rejected Branstetter's attempt to obtain a reduced sentence by blaming addiction to controlled substances.  Such attempts ignore the real danger

presented to others by Branstetter's lack of responsibility and failure to accept the consequences of her actions. The undersigned made the following observations during the October 25, 2013, sentencing hearing regarding this issue:

> In imposing a sentence, the Court begins by looking at the properly calculated guideline range. In this case, the sentencing guideline range is above the mandatory minimum in this case. The mandatory minimum is 120. The range is 130 to 162. However, counsel argues that perhaps the Court should consider a variance based upon the nature of the criminal history. The Court considers criminal history, not only in terms of calculating the guideline range, but also the Court looks at the nature of the criminal history under 3553. Many times an individual that's in Criminal History Category VI may warrant a lower sentence or a sentence more toward the bottom of the guideline range. In other circumstances, of course, just the opposite [is] true. And many times a person that's in Criminal History I or II, based upon the nature of the criminal history, may warrant a sentence either higher in the guidelines or perhaps sometimes above the guidelines. So the Court does look at the nature of the criminal history for those different reasons.
>
> In this case, when the Court does that, first, I don't believe a departure based upon overstated criminal history would be appropriate under 4A1.3 of the guidelines. [Branstetter's] [c]riminal history's not overstated. And when the Court looks at the nature of the criminal history, there's some very troubling convictions beginning at an early age. And as Mr. Dotson [the Assistant United States Attorney] argues, that perhaps were related to drug use. Theft convictions [are often committed by individuals] . . . with a very serious drug addiction. But in this case when the Court looks at the nature of the criminal history, it not only assists the Court in determining the terms of incarceration imposed, but also the conditions to be imposed in terms of supervised release.
>
> The biggest concern here in not only with Ms. Branstetter, but also with her children. And the case really highlights what an individual with an addiction will do, even a person who loves their children very much . . . For example, the first conviction that's noted in paragraph 56, theft by unlawful taking, Ms. Branstetter had her one-year-old with her, and when she was confronted, she left the child and she basically tried to run and hide.
>
> On another occasion when the Court looks at the conviction in paragraph 59, possession of a controlled substance, her two children were present during the manufacturing of methamphetamine, so those are matters that really concern the Court quite a bit. She has other theft convictions, including basically what

>was originally charged as a burglary, breaking into the home of another person. And so there's very serious criminal history in the defendant's background. And then as Mr. Hibbard indicates, there is the conviction in paragraph 62 for failure to maintain required insurance, and there is a point assessed there, as well as the failure to maintain insurance . . . But when we look at the facts of those cases, she was endangering again, her family. In paragraph 62 she had six passengers in the car, including two small children that were not in restraint devices, and so she's shown a disregard for people that she really should be watching out for, that is her children.

[Record No. 281, pp. 12-15] After considering the nature of the defendant's criminal history, rather than supporting a lower sentence, the Court noted that the aggravating nature of the defendant's criminal history would support a sentence of imprisonment more in the range of 162 months. However, this conclusion was tempered by the defendant's cooperation in the case. [*Id.*, p. 15]

In explaining that a term of imprisonment of 145 months was appropriate, the Court noted that the sentence a sentence below 130 months (as advocated by the defendant) would be wholly inappropriate. Instead, as pointed out during the sentencing hearing, the term imposed must "not only reflect the seriousness of the offense, but also provide a just punishment and afford proper deterrence, not only for Ms. Branstetter, but for others that might be inclined to commit a similar offense."

The Court will accept Branstetter's representations that she has a "clean record" during the term of imprisonment she has served to date. However, this fact would not alter the Court's original conclusion that a minimum term of imprisonment of 145 months is needed to meet all relevant sentencing factors. A reduced sentence would unduly diminish the very serious nature of the defendant's criminal conduct. Likewise, it would not provide sufficient protection to the public. Unfortunately, this includes the defendant's family.

While Branstetter's criminal conduct to this point in her young life may have been driven by addictions to controlled substances, addictions cannot be used as excuses to avoid responsibility to knowing and voluntary criminal conduct.

After again reviewing the relevant § 3553(a) factors and the information submitted in connection with the defendant's motion, the Court concludes that a minimum term of imprisonment of 135 months is necessary and appropriate under the circumstances. Accordingly, it is hereby

**ORDERED** that Defendant Tyanna Branstetter's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 349] is **DENIED**.

This 23rd day of November, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge