UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:13-CR-7-DCR-REW-6 |
| | ) | No. 6:16-CV-43-DCR-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSTION |
| TYANNA BRANSTETTER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

The Court addresses the cursory 28 U.S.C. § 2255 motion of Tyanna Branstetter, a federal inmate.[1] DE #360 (Motion). She pleaded guilty in this District to aggravated meth trafficking (a 21 U.S.C. § 846 conspiracy involving 50+[2] grams of a mixture containing meth), and Judge Reeves sentenced her to 145 months in prison. DE ##222 (Plea Agreement); 242 (Judgment). She appealed to contest the sentence, but the Sixth Circuit affirmed. DE #337. After an unsuccessful run at a sentence reduction under § 3582, *see* DE #350 (Order denying), Branstetter turns to § 2255. Regrettably, she presents only a skeletal set of claims, and she elected, despite the opportunity, not to reply to the Government's substantive response, *see* DE #368 (Response). Instead of

---

[1] Movant is *pro se*, and the Court is sensitive to that status and affords her the leeway required. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

[2] Branstetter mis-describes her plea as involving less than 50 grams of a substance containing meth; that is inaccurate. *See* DE #222 (Plea Agreement); 280 (Rearr. Tr.). She also misstates the issues presented on direct appeal. The direct appeal challenged only the propriety of the sentence, which is all Branstetter reserved in the Plea Agreement. DE #222, at ¶ 7. Again, the Sixth Circuit affirmed. DE #337.

replying, she tacked on a *Johnson v. United States*[3] based amendment late in the game, to which the Government responded. DE #378; 385.[4] The Court **RECOMMENDS** full **DENIAL** of the motion (DE #360) and all connected claims. Branstetter's ineffective assistance arguments are unsupported and groundless. The record plainly forecloses the due process theory, and because the case involves no ACCA or career offender component, *Johnson* has no impact. The Court also should deny a Certificate of Appealability. Finally, resentencing is unavailable under Amendment 794.

## I.     BACKGROUND INFORMATION

The Court will not belabor this decision with a lengthy re-telling of the case. Suffice it to say that Branstetter admitted to participating in a meth distribution conspiracy, one led by Co-Defendant Begley and involving Co-Defendant Eversole as Branstetter's direct meth supplier. Movant claimed to be a minor player, largely to feed her own habit. Nonetheless, she faced a 500+ gram meth mixture charge and ultimately decided to plead to the lesser included offense reflected in the lower 50+ gram mixture quantity. A prior felony drug conviction led to a mandatory minimum of 10 years, and Judge Reeves stayed within the Guidelines range at 145 months total. *See* DE #281 (Sent. Tr.), at 3 (accepting PIR, which calculated range at 130-162, given quantity admitted by Defendant and found by USPO and Criminal History Category of VI); DE #222 (Plea Agreement), at ¶ 3(g) (stipulating to 350-500 grams).

---

[3] *Johnson v. United States*, 135 S. Ct. 2551 (2015), supporting an ACCA or career offender gambit that is all the rage in the § 2255 world.
[4] On August 1, 2016, the Clerk treated as a "reply" a submission by Branstetter on the standard § 2255 form.  That filing, rather than being a reply, actually seeks resentencing under Amendment 794 to the Guidelines. For the sake of efficiency, the Court wraps that filing into this recommended disposition.

The Sixth Circuit affirmed the sentence. Now, on this timely § 2255 motion, Branstetter seeks relief. She claims her lawyer was ineffective, per *Strickland*, because he did not challenge the purity or quantity of meth involved. She claims to have pleaded guilty without understanding plea consequences, asserting a due process violation. Finally, she claims a right to relief under *Johnson*. Branstetter neither explains nor elaborates on the theories; all are merely short, conclusory recitals without facts, record support, authority, or argument of consequence. Each fails.

## II.      STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if her sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721-22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United*

*States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

## III.   ANALYSIS

### A.  Ineffective Assistance of Counsel Claims

When asserting an ineffective assistance claim, a movant must prove both deficient performance and prejudice. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence). In order to prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S. Ct. at 2064. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 2064-65. Judicial scrutiny of counsel's performance, however, is "highly deferential," featuring a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 2065.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose

result is reliable." *Id.* at 2064. In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 2069. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).[5] In the sentencing context, ineffective assistance "can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance." *Id.* at 1386 (internal quotation marks, alteration, and citation omitted).

Branstetter's unsupported *Strickland* claims are meritless. Movant criticizes her lawyer for not challenging drug purity, not challenging drug quantity, and failing to apprise the Court, as a mitigating factor, that Branstetter was a meth user. She offers no proof, evidence, or authority in support of any of these contentions.

First, a § 2255 movant must prove her case, and reliance on conclusory statements alone calls for dismissal. *See, e.g.*, *Bundy v. United States*, 178 F.3d 1293, 1999 WL 115482, at *2 (6th Cir. Feb. 10, 1999) (table); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to [even] warrant a hearing."); *Ryals v. United States*, Nos. 1:05-CV-238, 1:03-CR-176,

---

[5] *Lafler*, and some other cases this Recommendation cites, were § 2254 cases, but their analysis also applies to a § 2255 motion. *See Winkler v. United States*, Nos. 3:08-cr-014, 3:10-cv-210, 2013 WL 4494971, at *2 (E.D. Tenn. Aug. 20, 2013) (A § 2254 case's "reasoning, nevertheless, applies to cases filed by federal prisoners under 28 U.S.C. § 2255 because §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other.").

2009 WL 595984, at *5 (E.D. Tenn. Mar. 6, 2009) ("The burden is on Ryals to articulate and plead sufficient facts to state a claim under § 2255. . . . Because Ryals' § 2255 motion merely asserts a vague, general conclusion without sufficient substantiating allegations of fact, the motion fails to state a viable claim and is without merit."); *United States v. Gallion*, Nos. 2:07-39-DCR-01, 2:13-7325-DCR-JGW, 2014 WL 2218361, at *14 (E.D. Ky. May 27, 2014) ("Defendant bears the burden to articulate sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. Because defendant has made only vague conclusory statements without substantiating allegations of specific facts, he has not met that burden and, consequently, he is not entitled to § 2255 relief." (internal quotation marks and alteration removed)). Neither the United States nor the Court should have to scour the record to perceive and piece together Branstetter's actual arguments.

Second, substantively, the record forecloses each of Movant's theories. Drug purity was not an issue in the case; the ultimate charge hinged on the quantity of a mixture containing methamphetamine, not pure meth. *See United States v. Duvall*, 272 F.3d 825, 829 (7th Cir. 2001) (discussing, in meth mixture case: "We agree with the district court that in this case the relative purity of the substances seized was irrelevant, because Duvall was charged with possessing with intent to distribute a mixture of methamphetamine, and not any quantity of pure methamphetamine.").[6] As such (and

---

[6] The only conceptual qualification is the one *Duvall* footnote 4 raises: "The concentration of methamphetamine in the mixture could have been relevant to sentencing because under the statute and sentencing guidelines the length of the sentence may be calculated by reference to the quantity of the total mixture possessed or the quantity of pure methamphetamine contained in that mixture." 272 F.3d at 829 n.4; *see also United States v. Stewart*, 761 F.3d 993, 1001 (9th Cir. 2014) ("[P]urity or dilution is a relevant consideration for crafting a sentence that is 'sufficient, but not greater than necessary,' under § 3553(a). Just as an upward variance or departure may be justified based on the unusually high purity of a drug, *see* U.S.S.G. § 2D1.1 cmt. n. 26(C), a downward variance for a mixture of unusually low purity may be justified in appropriate

though Branstetter presents no proof of her own on purity or why it matters), failing to contest purity was not unreasonable or prejudicial.

Regarding quantity, Movant presents nothing that would alter the field of proof in the case, so it is impossible to fault counsel. The Court notes that part of the quantity argument seems to focus on Branstetter's status as a user, but as the Sixth Circuit instructed, in Branstetter's own appeal (though in a discussion pertinent to a Co-Appellant):

> Where a defendant is part of a 'jointly undertaken criminal activity' involving drugs, 'the defendant is accountable for all quantities of contraband with which [s]he was directly involved and . . . all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that [she] jointly undertook.' USSG § 1B1.3 cmt. n. 2. **When a defendant obtains drugs from a supplier for personal use as well as distribution in the context of a conspiracy, those drugs are 'properly included . . . in determining the quantity of drugs that the defendant knew were distributed by the conspiracy.'** *United States v. Page,* 232 F.3d 536, 542 (6th Cir. 2000).

*United States v. Begley*, 602 F. App'x 622, 626-27 (6th Cir. 2015) (emphasis added). Branstetter gets no quantity break because she used part of the mass distributed.

Further, the only quantity proof accessible to the Court is Branstetter's own stipulation contained in the Plea Agreement and the PIR. In the Plea Agreement, she conceded to obtaining multiple "eight-balls" (3.5 gram quantities) of meth each week over a five month period.  DE #222, ¶ 3(c). She specifically admitted to responsibility "for the distribution of between 350 grams and 500 grams of methamphetamine." *Id.* ¶ 3(g). Five transactions per week with Eversole over the course of Branstetter's role gets her to the 350. She points to nothing evidentiary or otherwise to impeach this calculus,

---

circumstances to better reflect the nature and seriousness of the offense, *see* 18 U.S.C. § 3553(a)(1)-(2)."). Branstetter, of course, offers no proof on the purity of the meth, and does not even allege that it was of sufficiently low purity so as to militate toward a departure. Her factless and cursory assertion is no basis for habeas relief.

which the PIR reflects and Judge Reeves staked his findings on without objection. The Court could not criticize Movant's counsel on quantity proof when she admitted her particular guilt under oath (DE #280 (Rearr. Tr.), at 25-26 (admitting all allegations in Plea Agreement)) and shows the Court no reason to doubt the accuracy of the admission. There is no deficiency or prejudice here, under *Strickland*.

Finally, Branstetter repeatedly suggests counsel did not make the Court aware that Branstetter was both a dealer *and* a user. She is wrong. Judge Reeves was well aware of Branstetter's history and addiction; counsel brought that to bear in many ways. *See, e.g.*, DE ##222 (Plea Agreement), at ¶ 3(d) ("Defendant further admits that she sold a portion of this methamphetamine to fund her own drug use/habit."); 280 (Rearr. Tr.), at 24-25 (discussion between Judge Reeves and Defendant at sentencing: "I was a meth addict, Your Honor, and I bought dope off Brenda Eversole, and I did sell dope to provide for my habit."); 206 (tender of "Celebrate Recovery" letter); 281 (Sent Tr.), at 9-10 (allocution, focused on addiction). Judge Reeves specifically referenced his awareness of the addiction as part of the sentencing analysis. *See id.* at 14 ("[T]he case really kind of highlights what an individual with an addiction will do, even a person who loves their children very much[.]"). The record indisputably shows that Branstetter's addiction was front and certain at the guilt and sentencing phases. She inaccurately claims otherwise, and she cites no proof or reason counsel should have done more, or that a different tactic might have changed the result. Again, there is no foundation for *Strickland* relief here.[7]

---

[7] The Court secured the transcript of the sealed part of the sentencing. Judge Reeves earlier had authorized release of that portion to appellate counsel. DE #284. The content did not relate in any way to the arguments Branstetter makes.

### B. *The plea was knowing and voluntary.*

Judge Reeves himself confirmed Branstetter's comprehension of the plea. Movant conclusorily claims her plea was not knowing and intelligent.[8] Judge Reeves made sure to guard against that possibility.

In a lengthy and detailed Rule 11 colloquy, Judge Reeves walked Branstetter through the entire plea process and detailed each and every option and consequence in play. *See* DE #280 (Rearr. Tr.), at 2-27. Branstetter was under oath, *id.* at 2-3, and competent, *id.* at 5-6. She had read and discussed with counsel the Plea Agreement, and she understood it. *Id.* at 7-8. Branstetter, then at least, was satisfied with counsel. *Id.*

Judge Reeves had the Plea Agreement accurately summarized, and Movant assented to the summary. She listened as Judge Reeves carefully covered penalties, *id.* at 15, offense elements (including for the lesser included offense at issue), *id.* at 15, rights waivers and rights consequences, *id.* at 19, 20-22, and the full factual basis for the plea. *Id.* at 24-26.  Branstetter specifically, under oath, conceded her guilt in detail and adopted the particular descriptions of the Plea Agreement. *Id.* at 25-26. The Court found Branstetter "fully competent and capable of entering an informed plea" and found the plea "a knowing and voluntary plea, which is supported by an independent basis in fact containing the essential elements of the offense." *Id.* at 27.

The sworn colloquy responses formidably limit Branstetter's ability to go behind the plea now. *See, e.g.*, *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier

---

[8] Due process requires that a plea be knowing and intelligent. *See, e.g.*, *Bousley v. United States*, 118 S. Ct. 1604, 1609 (1998).

in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal[.]"); *McCarthy v. United States*, 89 S. Ct. 1166, 1170-71 (1969); *Boyd v. Yukins*, 99 F. App'x 699, 702-03 (6th Cir. 2004). In opposition to the colloquy, Movant can muster only the naked assertion, "I pled guilty without understanding the consequences of my plea." DE #360, at 8. Given the detailed efforts by the District Judge—which unequivocally communicated the penalty minima and maxima, lost rights, trial options, and the sentencing process and potentialities—the Court rejects Branstetter's shallow denigration of the plea.[9]

### C.  The Johnson *Claim*

Branstetter likewise presents no basis for relief under *Johnson*. *Johnson* invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). 135 S. Ct. at 2563.[10] The Sixth Circuit has extended *Johnson*'s effect to the residual clause contained in the Guidelines' career offender definitions. *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016) ("*Johnson*'s rationale applies with equal force to the Guidelines' residual clause."); U.S.S.G. §§ 4B1.1 & 4B1.2.

Branstetter invokes *Johnson*, but that case has no bearing on hers.  She faced no § 922(g) charge and thus no ACCA aggravation. Judge Reeves sentenced Branstetter under 21 U.S.C. § 841, which called for a mandatory minimum of 120 months based on the drug quantity at issue and Branstetter's record. *See* DE ##222 (Plea Agreement); 252

---

[9] The Government raises the Plea Agreement waiver. That would not impact any *Strickland* claims, and a claim invalidating the plea itself also likewise would be outside the waiver. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Waiver or no waiver, Movant simply justifies no relief on any of the § 2255 theories.

[10] "*Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

(Presentence Report), at ¶ 46. The PIR nowhere references career offender status, so *Pawlak* has no impact. There is not a violent felony or crime of violence in any way at issue as to Movant. She simply posits a theory for relief that has no application to her case.

### D.  Amendment 794

Branstetter presents no basis for relief under Amendment 794. As noted already, Branstetter did not reply to any of the Government's substantive responses. Still, on August 1, 2016, the Clerk received a new § 2255 form from Branstetter, evidently attempting to inject yet another theory for relief into her case. DE #388. The Court did not give her leave to amend; indeed, she sought no leave. Rather, the tendered document endeavors to seek sentencing relief under Guideline Amendment 794. The effort fails.

First, and procedurally, Branstetter already has presented her § 2255, and the Court allowed one amendment. She has not properly requested permission to add another layer to the pending matter before the Court. However, noting Branstetter's *pro se* status, the Court simply moves to the merits of the request, by way of recommendation.

Amendment 794 addressed the mitigating role adjustment of U.S.S.G. § 3B1.2. However that change might have theoretically applied (if at all),[11] the amendment is not available to Branstetter.  As the Sixth Circuit has clearly stated:

> The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe contends applies to make his three prior offenses properly scored as one, is not listed in subsection § 1B1.10(c) and thus cannot properly be applied on resentencing.

---

[11] The sentencing did not discuss or involve that issue in any way, and Branstetter gives no details or argument on application of the change. DE #252, at ¶ 102 (USPO denying awareness of mitigating factors to "justify a departure"). The PIR does not reference § 3B1.2.

*United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010). Section 1B1.10 does not enumerate Amendment 794, "and [it] thus cannot properly be applied on resentencing." *Goodloe*, 388 F. App'x at 506; *see also United States v. Watkins*, ___ F. App'x ___, No. 15-6205, 2016 WL 3924240, at *1 (6th Cir. July 21, 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2)."). Of course, § 2255 is not the proper avenue for seeking this relief anyway, *see Newby v. United States*, Nos. 4:07-CR-51-FL-1, 4:12-CV-42-FL, 2013 WL 7098720, at *5 (E.D.N.C. Mar. 19, 2013) ("Courts recognize that a motion pursuant to 18 U.S.C. § 3582(c) is the appropriate motion to be made for a sentence reduction based on a Guideline amendment, not a motion to vacate under 28 U.S.C. § 2255.") (citation, internal quotation marks, and alterations omitted). Here, the merits demonstrably foreclose the endeavor by Branstetter.[12]

### E. Evidentiary Hearing

Branstetter does not request an evidentiary hearing. Nevertheless, the Court must hold one unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is necessary "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). Branstetter's claims do not warrant a hearing; the § 2255 motion filings and case record conclusively

---

[12] The Court addresses this within the § 2255 context. The District Court may want to re-characterize it as a § 3582 filing and still simply reject it on the merits.

show, for the reasons stated above, that Branstetter's claims fail. There are no contested factual issues that justify a hearing. The record, which needs no further development, forecloses relief.

## IV.    CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissal on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Movant has not made a "substantial showing" as to any claimed denial of rights; each of her varied claims conclusively fails. Reasonable jurists would not find the Court's determination on the merits debatable. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.

## V.     RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge wholly **DENY** § 2255 relief (DE #360) and grant **no** Certificate of Appealability.

\*   \*   \*   \*   \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

To the extent required (particularly as to the Amendment 794 claim), this Recommended Disposition gives Movant explicit prior notice of the recommendation of dismissal, made in effect under Rule 4(b). *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, \*3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of

§ 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Movant has arguments to make in opposition to dismissal, she must properly object and present those arguments to the District Judge.

This the 3d day of August, 2016.

Signed By:

*Robert E. Wier*

United States Magistrate Judge