UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 13-007-DCR-6 |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 6: 16-043-DCR |
| V. | ) | |
| | ) | |
| TYANNA BRANSTETTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 28, 2013, Defendant Tyanna Branstetter entered a guilty plea to conspiring to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846.  [Record Nos. 139, 222, 242]  Branstetter was sentenced to a term of imprisonment of 145 months, followed by an eight-year term of supervised release. [Record No. 242]  The Court of Appeals for the Sixth Circuit affirmed Branstetter's sentence. [Record No. 337]  Branstetter filed a timely motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 on March 7, 2016.  [Record No. 360]  On June 17, 2016, Branstetter was permitted to amend her § 2255 petition to add a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  [Record No. 379]

Consistent with local practice, Branstetter's § 2255 petition was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B).  United States Magistrate Judge Robert E. Wier recommended that Branstetter's motion for habeas relief be denied and that no Certificate of Appealability be issued.  [Record

No. 389]  Neither Branstetter nor the United States filed timely objections to the Magistrate Judge's Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nevertheless, the Court has examined the record and, having made a *de novo* determination, agrees with the Magistrate Judge's Recommended Disposition.

As the Magistrate Judge concluded, Branstetter's ineffective-assistance-of-counsel claim fails, as she has not alleged any facts suggesting that her attorney's performance was deficient.  [Record No. 389, pp. 4–8]  Further, as fully explained in the Magistrate Judge's Recommended Disposition, Branstetter's plea was, without question, knowing and voluntary. Accordingly, her due process claim fails.  Finally, as Magistrate Judge Wier correctly noted, *United States v. Johnson*, 135 S. Ct. 2551 (2015), has no bearing on Branstetter's case. Accordingly, it is hereby

**ORDERED** as follows:

1.     The Magistrate Judge's Recommended Disposition [Record No. 389] is **ADOPTED** and **INCORPORATED** by reference.

2.     Branstetter's motion [Record No. 360] is **DENIED** and her claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3.     A Certificate of Appealability shall not issue because Branstetter has not made a substantial showing of the denial of any substantive constitutional right.

4.      A Judgment in favor of the United States shall issue this date.

This 26th day of August, 2016.



**Signed By:**

_**Danny C. Reeves**_  DCR

**United States District Judge**